IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for ENTERPRISE BANKING COMPANY,<br><br>       Plaintiff,<br><br>  v.<br><br>DOUGLAS R. ADAMS, STRONG ROCK HOLDINGS, INC., a Georgia Corporation, and DRA DEVELOPMENT, INC., a Georgia Corporation,<br><br>       Defendants. | 1:12-cv-3983-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Federal Deposit Insurance Corporation as Receiver for Enterprise Banking Company's ("FDIC-R") unopposed Motion for Summary Judgment [16] against Defendants Douglas Adams ("Adams"), Strong Rock Holdings, Inc. ("Strong Rock") and DRA Development, Inc. ("DRA").

**I.     BACKGROUND**

On September 6, 2006, Adams entered into a loan with Enterprise Banking Company in the principal amount of $2,400,100.  Adams acknowledged in deposition testimony that he signed a Multipurpose Note and Security Agreement memorializing the terms of the loan and that he received $2,400,100 from Enterprise.

In order to provide additional security for the loan, Defendant Strong Rock executed a Continuing Guaranty that guaranteed the prompt and full payment and performance of the terms of the agreement between Adams and Enterprise.  Adams admitted that he executed the Guaranty on behalf of Strong Rock, and that he was authorized to do so.  When the loan reached maturity, Adams and Strong Rock renewed the loan and guaranty with Enterprise in September of 2007, and again in September 2008.  Adams admitted executing the 2007 and 2008 notes.  He testified that he renewed the Strong Rock guaranty on both of these occasions and that he was authorized to do so.

To provide Enterprise with additional security and to induce Enterprise to make the September 2008 renewal, Defendant DRA executed a Continuing Guaranty that provided a guaranty of all present and future written agreements

2

between Adams and Enterprise. Adams testified that he executed the Guaranty on behalf of DRA, and that he was authorized to do so.

The loan and the Strong Rock and DRA guaranties were renewed for a third time on December 23, 2008, and for a fourth time on April 27, 2010. Adams testified that he signed the Multipurpose Note and Security Agreement on his own behalf, that he executed the Guaranties on behalf of Strong Rock and DRA, and that he was authorized to do so.

The April 27, 2010, renewal note reduced the principal amount of the loan to $2,250,000 and bore a maturity date of May 1, 2011. It provided for quarterly interest payments to be made during the term of the renewal note, and for payment of the entire principal balance of the loan upon maturity. Adams failed to make the quarterly interest payments required during the term of the final renewal note, and he failed to make payment of the principal and interest at maturity or any time thereafter. In deposition testimony, Adams admitted that there was nothing wrong with the loan itself that would excuse him from his obligations to pay for the loan. Neither DRA nor Strong Rock has made any payments to Enterprise or FDIC-R in satisfaction of their Guaranties.

The total past due amount under the Note as of the date of this Order is $2,250,000.00 in principal, plus $278,671.81 in interest, and $4300 in contractual

fees and late charges.  Additionally, the Note and Guaranty Agreement require Defendants to pay attorney's fees and court costs incurred in collecting amounts due under those documents.  The Note and Guaranty Agreement authorize collection of attorney's fees in an amount equal to fifteen percent (15%) of the principal and interest pursuant to O.C.G.A § 13-1-11.  Plaintiff argues it is entitled to recover $379,300.77 as attorney's fees plus the costs of this action.

## II. DISCUSSION

### A. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 26 L.Ed.2d 142 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).  The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

257, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

Even if a motion for summary judgment is unopposed, the movant must nevertheless show it is entitled to judgment on the merits, based on evidentiary materials in the record.  See Dunlap v. Transam. Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir.1988) (district court did not err in treating motion for summary judgment as unopposed where it considered the merits of the motion).  The district court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted," but it must at least review all those submitted in support of the summary judgment motion.  United States v. 5800 S.W. 74th Ave., 363 F.3d 1099, 1101 (11th Cir.2004).  A district court's order granting an unopposed motion for summary judgment must indicate that the merits were considered.  Id. at 1102.

 B. Analysis

The evidence is undisputed that Adams is in default on the Note and that Strong Rock and DRA each are liable under the Guaranty Agreements.  Neither Defendant presented any defense to the claims asserted by Plaintiff and did not respond to Plaintiff's Motion for Summary Judgment.  Under our Local Rule 7.1B, failure to respond to a motion indicates the motion is unopposed.  On the undisputed facts here, and in view of the Defendants failure to oppose the motion,

the Court finds that Plaintiff is entitled to summary judgment against Defendants.

## III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment [16] is **GRANTED**.  The Clerk shall enter judgment in favor of Plaintiff and against Defendants for $2,250,000.00 in principal; $278,671.81 in interest; $4300.00 in contractual fees and late charges; $379,300.77 as attorney's fees; and costs of this action.  Defendants are jointly and severally liable for the judgment entered in this action.

**SO ORDERED** this 3rd day of January 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE